IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VAUGHN DELONG, 09147-007, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-0016-M |
| ) | ECF |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff is currently confined in the Seagoville Federal Correctional Institution. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court has not issued service pending preliminary screening.

**Factual background:**

Petitioner argues the United States Parole Commission ("Commission") violated his constitutional rights when it revoked his parole.

In 1989, Petitioner pled guilty in the District of Columbia to two counts of committing an indecent act. Petitioner was sentenced to two consecutive sentences of forty (40) to one hundred twenty (120) months confinement. Petitioner was later paroled.

On June 22, 1993, the D.C. Superior Court revoked Petitioner's parole. He was sentenced to one hundred twenty months confinement for the offense of indecent liberties with a minor, and a consecutive sixty months confinement for enticing a minor.

On May 30, 2002, Petitioner was paroled. On November 17, 2005, Community Supervision Officer Anthony Desjardins advised the Commission that Petitioner violated his parole by having unsupervised contact with minors.

On February 1, 2006, the Commission held a revocation hearing. On February 27, 2006, the Commission revoked Petitioner's parole. On May 17, 2006, the Commission held a second parole revocation hearing. This second hearing adjudicated the additional charge of non-compliance with general conditions of release. The hearing officer recommended that the Commission exceed the parole guidelines and continue to incarcerate Petitioner until the expiration of his sentence. On May 31, 2006, the Commission adopted the hearing officer's recommendation and continued Petitioner's parole until the expiration of his sentence.

On October 17, 2007, Petitioner filed a § 2241 petition in the United States District Court for the Eastern District of North Carolina challenging his revocation proceedings. *Delong v. Snyder*, No. 5:07-HC-2195-FL (E.D.N.C.). On September 29, 2008, the district court denied the petition on the merits.[1]

On January 5, 2009, Petitioner filed the instant § 2241 petition. He challenges the same revocations proceedings that he challenged in his North Carolina petition.

---

[1] Although Petitioner states this petition was dismissed because he was transferred to FCI Seagoville, the record shows the district court denied the petition on the merits.

**Discussion:**

 **A. Petitioner's previous § 2241 petition**

 Petitioner previously challenged his parole revocation in the Eastern District of North Carolina. In that § 2241 petition, Petitioner argued:

(1) His due process rights were violated when:

 (a) the Commission decided to exceed parole guideline range;

 (b) he was denied the right to confront all witnesses;

 (c) the hearing officer relied on hearsay evidence;

 (d) the evidence was insufficient to support the revocation;

 (e) he was denied an impartial hearing officer;

 (f) he did not have sufficient knowledge of the parole conditions;

(2) His revocation violated the Double Jeopardy Clause;

(3) He received ineffective assistance of counsel at his revocation because:

 (a) counsel failed to obtain witnesses and evidence that would have shown he is actually innocent;

 (b) counsel failed to present a sufficient defense;

(4) His sentence constituted cruel and unusual punishment; and

(5) The Commission violated its own regulations when it revoked his parole.

The district court considered Petitioner's claims on the merits, and denied the petition.

 Petitioner raises the same claims, and makes the same arguments, in the instant § 2241 petition that he raised in his previous petition.


**B.  Res Judicata**

In this case, Petitioner's claims are barred by the doctrine of res judicata.  Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are the same in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983).  Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id*. at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Here, the parties are identical.  Petitioner's previous § 2241 petition name the warden of the prison where he was incarcerated at the time he filed the petition.  His current petition names the United States as Respondent.  In both cases, however, Petitioner challenges the actions taken by the United States Parole Commission.  The prior judgment was rendered by the United States District Court for the Eastern District of North Carolina, which is a court of competent jurisdiction.  The prior case involved a final decision on the merits.

Finally, both the prior case and this petition involve the same cause of action.  Petitioner challenges the same revocation in both cases, and raises the same challenges to the revocation.  The two petitions involve "the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

Petitioner's claims are barred by res judicata and should be dismissed.

4

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice.

Signed this 25th day of August, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).